# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    CASE NO. 16-20062

v.                              HONORABLE DENISE PAGE HOOD

D-2 DARRIYON JERON MILLS,

       Defendant.
_____/

## ORDER DENYING REQUEST FOR SENTENCING TRANSCRIPTS PURSUANT TO C.J.A. 18 U.S.C. § 2006A [#614]

Defendant and many others were charged in a RICO indictment, and Defendant ultimately plead guilty to Count 1 (RICO conspiracy) and Count 7 (Using a Weapon During and in Relation to a Crime of Violence) of the Superseding Indictment. [Dkt. No. 355] The guideline range set forth in the Plea Agreement was 360 months – life, followed by a mandatory minimum of 84 months imprisonment. *Id.* at Paragraph 2.B. Defendant was sentenced to a total imprisonment term of 288 months (204 months on Count 1 and 84 months on Count 7, to be served consecutively). [Dkt. No. 552] Defendant's Plea Agreement provided for a waiver of appeal if he was sentenced below 360 months, [Dkt. No. 355, at Paragraph 7], and Defendant did not file an appeal.

Defendant has now filed a "Motion in Request of Sentencing Transcripts Pursuant to C.J.A. 18 U.S.C.S. § 3006(A)" (the "Motion"). [Dkt. No. 614] In the Motion, Defendant asserts that he "desires to file a post-conviction motion with this Honorable Court, and therefore, the [sentencing] transcripts are direly needed to perfect said motion." *Id.* at PgID 6076. Defendant's request regarding the sentencing transcript is governed by 28 U.S.C. § 753. The statute provides that the Government may pay fees for transcripts to persons proceeding *in forma pauperis* under the Criminal Justice Act, 18 U.S.C. § 3006A "if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Unless the Government pays for the transcripts, the court reporter may charge and collect fees for transcripts requested by the parties and may require any party requesting a transcript to prepay the estimated in advance. 28 U.S.C. § 753(f).

In this matter, Defendant pled guilty and was sentenced well below the guideline sentence set forth in his Plea Agreement. Defendant waived his right to appeal his conviction or sentence (because it did "not exceed the maximum allowed by . . . [the plea] agreement **(360 months)**), [Dkt. No. 355, at Paragraph 7 (emphasis in original)] so any challenge to his conviction or sentence would be frivolous. In addition, Defendant has not specified the substance of any motion he intends to file,

2

so it is not possible for the Court to find that the sentencing transcript is necessary. Accordingly, the Court holds that Defendant is not entitled to have a transcript of his sentencing paid by the Government pursuant to 28 U.S.C. § 753(f). Should Defendant desire to seek a transcript from the court reporter, a request must be made in writing and addressed to the court reporter as required under E.D. Mich. LR 80.1. Any payment arrangements must be made with the court reporter as required under 28 U.S.C. § 753(f).

For the reasons set forth above,

IT IS ORDERED that Defendant's "Motion in Request of Sentencing Transcripts Pursuant to C.J.A. 18 U.S.C.S. § 3006(A)" [Dkt. No. 614] is DENIED.

IT IS ORDERED.

 s/Denise Page Hood  
Chief Judge, U. S. District Court

Dated: October 12, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager