# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,               CASE NO. 16-20062

v.                           HONORABLE DENISE PAGE HOOD

D-2 DARRIYON JERON MILLS,

    Defendant.

_____/

## ORDER DENYING REQUEST FOR SENTENCING TRANSCRIPTS [#636] and MOTION FOR EXTENSION OF TIME TO FILE APPEAL [#637]

On April 15, 2019, Defendant filed two motions: (1) a "Motion to Furnish Trial Transcripts/Sentencing Transcripts and other Pre-Trial Documents Without Costs Pursuant to Title 28 USC 753(f) & Title 18 USC 3006(A) Criminal Justice Act" ("Motion for Transcripts") [Dkt. No. 636]; and (2) a "Motion to Terminate Attorney for Ineffectiveness and Proceed Pro Se and For Extension of Time to File Any Type of Meaningful Motions for Appeal of Which Entire Transcripts are Need[ed] with All Documentations on this Case for Needed Procedures of the Appeal Process." ("Motion for Extension") [Dkt. No. 637]. The Government did not file a response to either motion.

## I. Background

Defendant and many others were charged in a RICO indictment, and Defendant ultimately pleaded guilty to Count 1 (RICO conspiracy) and Count 7 (Using a Weapon During and in Relation to a Crime of Violence) of the Superseding Indictment. [Dkt. No. 355] The guideline range set forth in the Plea Agreement was 360 months – life, followed by a mandatory minimum of 84 months imprisonment. *Id.* at Paragraph 2.B. Defendant was sentenced to a total imprisonment term of 288 months (204 months on Count 1 and 84 months on Count 7, to be served consecutively). [Dkt. No. 552] Defendant's Plea Agreement provided for a waiver of appeal if he was sentenced below 360 months, [Dkt. No. 355, at Paragraph 7], and Defendant did not file an appeal.

In 2018, Defendant filed a "Motion in Request of Sentencing Transcripts Pursuant to C.J.A. 18 U.S.C.S. § 3006(A)" (the "2018 Motion"). [Dkt. No. 614] In the 2018 Motion, Defendant asserted that he "desires to file a post-conviction motion with this Honorable Court, and therefore, the [sentencing] transcripts are direly needed to perfect said motion." *Id.* at PgID 6076. Defendant relied on 28 U.S.C. § 753 and 18 U.S.C. § 3006A to obtain his sentencing transcripts. The Court ultimately denied the 2018 Motion, as discussed below. [Dkt. No. 617, PgID 6115]

## II. Analysis

### A. *Motion for Transcripts*

After reviewing the Motion for Transcripts, the Court concludes that the Motion for Transcripts is, in essence, a reiteration of the 2018 Motion. In both the Motion for Transcripts and the 2018 Motion, Defendant seeks to have the Court order the Government to furnish Defendant transcripts for proceedings before this Court. As the Court stated in the 2018 Motion:

> [28 U.S.C. § 753(f)] provides that the Government may pay fees for transcripts to persons proceeding *in forma pauperis* under the Criminal Justice Act, 18 U.S.C. § 3006A "if the trial judge . . . certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Unless the Government pays for the transcripts, the court reporter may charge and collect fees for transcripts requested by the parties and may require any party requesting a transcript to prepay the estimated in advance. 28 U.S.C. § 753(f).
>
> In this matter, Defendant pled guilty and was sentenced well below the guideline sentence set forth in his Plea Agreement. Defendant waived his right to appeal his conviction or sentence (because it did "not exceed the maximum allowed by . . . [the plea] agreement **(360 months)**), [Dkt. No. 355, at Paragraph 7 (emphasis in original)] so any challenge to his conviction or sentence would be frivolous. In addition, Defendant has not specified the substance of any motion he intends to file, so it is not possible for the Court to find that the sentencing transcript is necessary.
>
> Accordingly, the Court holds that Defendant is not entitled to have a transcript of his sentencing paid by the Government pursuant to 28 U.S.C. § 753(f). Should Defendant desire to seek a transcript from the court reporter, a request must be made in writing and addressed to the

court reporter as required under E.D. Mich. LR 80.1. Any payment arrangements must be made with the court reporter as required under 28 U.S.C. § 753(f).

[Dkt. No. 617, PgID 6114-15 (emphasis in original)] For the same reasons set forth in the 2018 Motion, the Court DENIES the Motion for Transcripts.

2. *Motion for Extension*

Notwithstanding the caption of the Motion for Extension (which seems to focus on terminating an attorney and extending the time to file an appeal), the main relief requested in the Motion for Extension is for the production of transcripts related to the case, at the Government's cost. The following statements evidence that basis of the Motion for Extension: (a) "Appeal process can not be meaningful without his full transcripts which are needed concerning this case so a[] remedy can be obtained, which his entire transcripts, docket, . . .;" (b) Defendant "has also repeatedly requested that appellee/petitioner attorney(s) . . . provide the above stated documents, and information, . . . which is not being provided but rather refused against" Defendant; and (c) Defendant "was never giv[en] the complete transcripts of his docket sheet, judgment and commitment, indictment, complaint, sentencing transcripts, pre-sentencing report[.]" [Dkt. No. 637, PgID 6215-16.

For the reasons the Motion for Transcripts was denied, the Court also denies Defendant's Motion for Extension to the extent it seeks transcripts of the proceedings

4

in this case. Defendant has not filed an appeal in this case, nor has appellate counsel ever been appointed for him, and the Motion for Extension includes no reference to, or argument in support of, the need for an extension of time to file an appeal. Accordingly, to the extent Defendant seeks to terminate his appellate attorney for ineffectiveness, the Motion for Extension is denied as moot.

## III. Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Transcripts [Dkt. No. 636] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Extension [Dkt. No. 637] is DENIED.

IT IS ORDERED.

Dated: July 9, 2019

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge