UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                  CRIMINAL CASE NO. 16-20062
                                  CIVIL CASE NO. 19-12269
v.                                  HONORABLE DENISE PAGE HOOD

D-2 DARRIYON JERON MILLS,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 [#647], DENYING DEFENDANT'S
REQUEST FOR APPOINTMENT OF COUNSEL [#656],
GRANTING DEFENDANT'S CONSOLIDATED MOTIONS
TO EXPAND RECORD AND FOR THE COURT TO TAKE
JUDICIAL NOTICE [#695 and #743], DENYING DEFENDANT'S
RULE 60(b)(4) MOTION TO VACATE VOID JUDGMENT [#750]
and DISMISSING WITH PREJUDICE CIVIL CASE NO. 19-12269**

## I.    Introduction

Defendant and many others were charged in a RICO indictment, and Defendant ultimately pleaded guilty to Count 1 (RICO conspiracy) and Count 7 (Using a Weapon During and in Relation to a Crime of Violence) of the Superseding Indictment. [Dkt. No. 355] The guideline range set forth in the Plea Agreement was 360 months to life, followed by a mandatory minimum of 84 months imprisonment. *Id.* at Paragraph 2.B.  On January 12, 2018, Defendant was sentenced well below the guideline range, to a total imprisonment term of 288

months (204 months on Count 1 and 84 months on Count 7, to be served consecutively). [ECF No. 552]  Defendant's Plea Agreement provided for a waiver of appeal if he was sentenced below 360 months, [Dkt. No. 355, at Paragraph 7], and Defendant did not file an appeal.

On December 21, 2018, the Court docketed Defendant's letter dated December 17, 2018, requesting that the Court extend the deadline for him to file a motion pursuant to 28 U.S.C. § 2255. [ECF No. 620] In an Order dated January 18, 2019, the Court extended to March 12, 2019 Defendant's deadline for filing a 28 U.S.C. § 2255 motion in this Court. [ECF No. 625]

On August 1, 2019, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). [ECF No. 647] The 2255 Motion also contained a motion for appointment of counsel based on newly discovered evidence (citing a recently decided U.S. Supreme Court case, *United States v. Davis*, 139 S.Ct. 2319 (2019) ("*Davis*")).   The Government filed a response, and Defendant filed a reply. On August 26, 2019, Defendant filed a Amended Motion to Appoint Counsel. [ECF No. 656] On October 7, 2019, three documents filed by Defendant were docketed: (a) Amended Newly Discovered Evidence [ECF No. 658]; (b) Affidavit of Defendant [ECF No. 659]; and (c) Newly Discovered Evidence [ECF No. 660].  On February 28, 2020, the Court

docketed Defendant's filing "Jurisdiction Challenge." [ECF No. 677] On July 13, 2020, Defendant filed a "Consolidated Motion to Expand the Record and for the Court to Take Judicial Notice" [ECF No. 695], and on February 9, 2021, Defendant filed essentially the same document, this time titled "Consolidated Motion to Expand the Record and for the Court to Take Judicial Notice Affidavit of Truth" [ECF No. 743] (collectively, the "Consolidated Motions"). On March 8, 2021, Defendant filed a document titled "Affidavit of Truth Rule 60(b)(4) Motion to Vacate Void Judgment." [ECF No. 750]

## II.   Legal Standard

### A.   Section 2255

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a).  A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507

U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

## B.      Ineffective Assistance of Counsel Claim

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense." U.S. Const. Amend. VI. The Sixth Amendment guarantees a defendant the right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id*. "There is a strong presumption that legal counsel is competent," *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), and "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A "reviewing court must give a highly deferential scrutiny to counsel's

performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993).

Further, "[t]he reasonableness of counsel's performance is to be evaluated from

counsel's perspective at the time of the alleged error and in light of all the

circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The

defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland,* 466 U.S. at 694.

## III.    Analysis

### A.    Timeliness of Motion

As an initial matter, the Court notes that Defendant's Motion was not timely

filed. Motions brought under Section 2255 are subject to a one-year limitations

period established by the Antiterrorism and Effective Death Penalty Act of 1996,

generally running from "the date on which the judgment of conviction becomes

final." 28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05

(6th Cir. 2001). In this case, the judgment of conviction became final on February

22, 2018, fourteen days after it was entered on the docket on February 8, 2018.

*United States v. Cottage*, 307 F.3d 494, 499 n.4 (6th Cir. 2002). Even though the

Court granted Defendant an extension of time to file the 2255 (until March 12,

2019), Defendant did not file the 2255 Motion until August 1, 2019, more than four months after the Court extended the time within which he could file the 2255 Motion.

The doctrine of equitable tolling permits a petitioner to file a 2255 petition after the one-year statute of limitations has expired, *Holland v. Florida*, 560 U.S. 631, 645 (2010), but that doctrine applies "sparingly."   A petitioner bears the burden of proving that his case falls within its narrow exception to receive relief. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing that (1) he has been "pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.

In his motion, Mills states that he has been transferred between several correctional facilities, spent 36 days in solitary housing or in lockdown, and could not access the law library for extended periods of time. (R. 647, Motion, 6257). But "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); see also *Adkins v. Warden*, 585 F. Supp. 2d 286, 296 (D. Conn. 2008) (collecting

cases). Mills cited these same difficulties in December 2018 when he asked for an extension of the deadline to file his § 2255 petition and the Court granted an extension to March 12, 2018. Defendant does not explain why he did not file the 2255 Motion by March 12, 2018, and it took him more than four additional months to file the 2255 Motion. As Defendant has not established why he is entitled to equitable tolling, the Government argues that, except for Defendant's claim under *Davis*, the 2255 Motion should be dismissed as time-barred because it was not filed until August 1, 2019.

The Court agrees that Defendant procedurally defaulted on his claims (except for the *Davis* claim) when he failed to timely file the 2255 Motion. For the reasons set forth below, the Court also finds that all of Defendant's claims fail on the merits. Accordingly, the Court elects to deny the 2255 Motion on merits. *See, e.g., Johnson v. United States*, 735 F. App'x 1007, 1010 n.3 (11th Cir. 2018) (declining to address procedural default because petitioner's *Johnson*[1] claim also failed on the merits).

**B. Defendant's Claims Pursuant to the 2255 Motion**

The 2255 Motion is premised on: (1) alleged ineffective assistance of counsel; and (2) the change in the law following the issuance of the *Davis* decision.

---

[1]*Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson*") (finding the residual clause in the Armed Career Criminal Act void for vagueness).

       *1.     Ineffective Assistance of Counsel*

       a.    <u>Jurisdiction over Defendant</u>

In his filings since August 1, 2019, Defendant repeatedly has asserted that the Court does not have jurisdiction over him because he is of African descent, not a United States citizen, and in fact a "corporation." Citing *Dred Scott v. Sandford*, 60 U.S. 393, 427 (1857), U.S. CONST. AMEND XIII, and other cases, federal statutes, and federal regulations.

*Dred Scott* was overturned long ago, *see, e.g.,* U.S. Const. Amend XIV, and Defendant was born in Detroit, Michigan, making him a United States citizen. *Miller v. Albright*, 523 U.S. 420, 423-24 (1998) ("every person born in the United States . . . becomes at once a citizen of the United States"). Defendant's reliance on the language in "Section 12" of the 13th Amendment is misplaced, as it was not incorporated into the 13th Amendment language that was approved and adopted. *El-Bey v. Rogalski*, 2015 WL 1393580, at *3 (D. Md. March 24, 2015); *Momient-El v. State of Ill.*, 1992 WL 220586, at *1 (N.D. Ill. Sept. 4, 1992). As a citizen, Defendant is an individual and not a "corporation."

Even if Defendant is not considered a citizen of the United States, that fact is not a bar to federal criminal prosecution for crimes committed in the United States. *See, e.g., Bohannon v. United States*, 2017 WL 5618094, at **5-6 (N.D. Ga. Oct.

18, 2017) (rejecting a Section 2255 claim relying on *Dred Scott*); *United States v. Schumaker*, 479 F. App'x 878, 881-82 (11th Cir. 2012) (Canadian citizen subject to federal criminal prosecution for criminal acts committed in the United States, even though committed via the internet when defendant was in Canada); *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003). Defendant was charged with conspiring in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d), which subjects him to the jurisdiction of this Court. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States.").

The Court is not persuaded that Defendant's counsel was deficient, as an attorney is not deficient for failing to argue a frivolous claim. *See, e.g., Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist."). For the reasons set forth above, the Court rejects: (a) Defendant's arguments regarding the Court's jurisdiction over him; and (b) his contention that his counsel was ineffective. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not

beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

> ### b.     Prejudice

Even if there was a deficient performance by Defendant's counsel in some manner, Defendant was not prejudiced.  Defendant signed the plea agreement, stated on the record that the facts in the plea agreement were accurate, and confirmed those facts when questioned by the Government and the Court. ECF No. 355, PgID 1839-43; ECF 382, PgID 2139-42.  Those facts sufficiently established Defendant's participation in the RICO conspiracy (Count 1) and that he used a firearm during and in relation to a crime of violence (Count 7), such that he satisfied the necessary elements for conviction of each crime.  Defendant also was sentenced far below the advisory Sentencing Guidelines.  And, Defendant has not asserted or demonstrated that he would not have pleaded guilty and gone to trial. For these reasons, even if Defendant's counsel was ineffective, he cannot show prejudice.

> ### 2.     Davis - *Not Applicable to Carjacking*

Defendant cites *Davis* for its holding that the residual clause of 18 U.S.C. § 924(c)(3)(B) – relating to certain "crimes of violence" – is unconstitutionally vague. *See, e.g.,* ECF No. 656, PgID 6287.  He also cites *Johnson* and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), two other cases that held that residual clauses in

other federal statutes or guidelines were unconstitutionally vague. Defendant does not, however, explain how or why *Davis* (or *Johnson* or *Dimaya*) applies to a conviction related to carjacking. This is critical, as carjacking was the underlying "crime of violence" with respect to Defendant's conviction for using or carrying a firearm during and in relation to a crime of violence in Count 7.

In *Davis*, the Supreme Court invalidated the "residual clause" in Section 924(c)'s definition of a "crime of violence." *Davis*, 139 S.Ct. at 2326-27. Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). According to Section 924(c)(3), a crime of violence is "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Supreme Court's ruling in *Davis* pertained only to the vagueness of that portion of the definition of a federal "crime of violence" found in Section 924(c)(3)(B), known as the residual clause. *Davis*, 139 S.Ct. at 2323-24, 2336. But, *Davis* did not address Section 924(c)(3)(A). *Id*. at 2336. *See also Johnson*,

135 S.Ct. at 2563 (stating that *Johnson* did not affect the elements clause).  In the instant case, Defendant was convicted and sentenced pursuant to Section 924(c)(3)(A) (known as the elements clause) for the use, attempted use, or threatened use during a carjacking.

Under Section 924(c)(3)(A), a crime of violence is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See also United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018) (assessing whether the elements of the felony offense involve the use, attempted use, or threatened use of force capable of causing bodily harm).  When evaluating a charge pursuant to the elements clause, the Court looks only at the elements of the predicate offense and applies an "elements-based categorical approach" rather than considering "the specific means by which the defendant committed the crime." *United States v. Evans*, 848 F.3d 242, 245-46 (4th Cir. 2017).  In *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019), the Sixth Circuit recently held that a conviction for carjacking requires proof that the defendant intended to take a motor vehicle by either "force and violence" or intimidation, conduct that, at a minimum, requires the threatened use

of physical force. *Id.* at 485-86. Based on *Jackson*, the Court concludes that Defendant's challenge to his Section 924(c) conviction lacks merit.[2]

## C.    Evidentiary Hearing

The Court concludes that no evidentiary hearing is required to address Defendant's 2255 Motion (or other his motions). As reflected above, the record demonstrates that Defendant's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## D.    Appointment of Counsel

Defendant seeks appointment of counsel to assist him with his case. Defendant "possesse[s] no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Finley*). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs*

---

[2]"There is no distinction between aiding and abetting the commission of a crime and committing the principal offense. Aiding and abetting is simply an alternative theory of liability; it is 'not a distinct substantive crime.'" *Richardson*, 906 F.3d at 426 (citing *United States v. McGee*, 529 F.3d 691, 695–96 (6th Cir. 2008) (citation omitted)). Accordingly, whether Defendant committed the predicate carjacking offense as a principal or aider and abettor, he is guilty of committing a crime of violence.

*v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Neither discovery nor an evidentiary hearing are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B).

### E. Consolidated Motions

Long after filing his 2255 Motion, Defendant filed his Consolidated Motions asking the Court to: (1) allow for expansion of the record to include his plea hearing transcripts as well as a copy of his written plea agreement; and (2) take judicial notice of two federal cases, one from the Fifth Circuit (*United States v. Jones*, 935 F.3d 266 (5th Cir. 2019)) and one from the Ninth Circuit (*United States v. Davis*, 2019 U.S. App. LEXIS 25386 (9th Cir. 2019)). The Court notes that Defendant's plea hearing transcripts and written plea agreement are part of the record and have been considered in deciding his 2255 Motion. The Court further notes, takes judicial notice of, and has considered the Fifth Circuit and Ninth Circuit cases cited in this paragraph. Accordingly, the Court will grant Defendant's Consolidated Motions but granting the Consolidated Motions does not change the Court's analysis or conclusion regarding the 2255 Motion, which the Court denies.

**F.     Rule 60(b)(4) Motion**

In his "Affidavit of Truth Rule 60(b)(4) Motion to Vacate Void Judgment" filing, Defendant reiterates many of the same arguments he has made regarding the Court's jurisdiction.  He also claims that there was a breach of his plea agreement negotiations with respect to Counts 2, 3, and 6.  Defendant pleaded guilty only to Counts 1 and 7, however, rendering irrelevant his arguments about Counts 2, 3, and 6.  Accordingly, the Court denies Defendant's Rule 60(b)(4) Motion to Vacate Void Judgment."

**IV.   Conclusion**

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Dkt. No. 647] is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Amended Motion to Appoint Counsel [ECF No. 656] is **DENIED**.

IT IS FURTHER ORDERED that the various forms of relief sought by Defendant in his (a) Amended Newly Discovered Evidence [ECF No. 658]; (b) Affidavit of Defendant [ECF No. 659]; (c) Newly Discovered Evidence [ECF No. 660]; and (d) "Jurisdiction Challenge" [ECF No. 677] are **DENIED**.

15

IT IS FURTHER ORDERED that Defendant's Consolidated Motion to Expand the Record and for the Court to Take Judicial Notice [ECF No. 695] is **GRANTED**.

IT IS FURTHER ORDERED that Defendant's Consolidated Motion to Expand the Record and for the Court to Take Judicial Notice Affidavit of Truth [ECF No. 743] is **GRANTED.**

IT IS FURTHER ORDERED that Defendant's "Affidavit of Truth Rule 60(b)(4) Motion to Vacate Void Judgment" [ECF No. 750] is **DENIED.**

IT IS FURTHER ORDERED that Civil Case No. 19-12269 (the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255) is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS ORDERED.

                                        s/Denise Page Hood
                                        DENISE PAGE HOOD
DATED: October 4, 2022          United States District Judge

16