## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,               CRIMINAL CASE NO. 16-20062

v.                         HONORABLE DENISE PAGE HOOD

D-2 DARRIYON JERON MILLS,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION AND SENTENCE MODIFICATION [#768]

### I.    Introduction

Defendant and many others were charged in a RICO indictment, and Defendant ultimately pleaded guilty to Count 1 (RICO conspiracy) and Count 7 (Using a Weapon During and in Relation to a Crime of Violence) of the Superseding Indictment. ECF No. 355. The guideline range set forth in the Plea Agreement was 360 months to life on Count 1, followed by a mandatory minimum of 84 months imprisonment on Count 7. *Id.* at Paragraph 2.B.  On January 12, 2018, Defendant was sentenced well below the guideline range, to a total imprisonment term of 288 months (204 months on Count 1 and 84 months on Count 7, to be served consecutively). ECF No. 552.  On August 23, 2022, Defendant filed a Motion for

Reduction and Sentence Modification (the "Motion"). ECF No. 768.   The Government filed a response.  For the reasons set forth below, the Motion is denied.

## II.   Analysis

### A.   Timeliness of Motion

As an initial matter, the Court notes that the Motion is not timely filed.  With respect to his claim that the guideline range was scored inaccurately in his Pre-sentence Investigation Report ("PSR"), Defendant was sentenced nearly five years ago.  As to Defendant's challenge to his sentence based upon the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), the Motion was filed more than a year after *Borden* was issued on June 10, 2021.  Pursuant to 28 U.S.C. § 2255, Defendant had to file a challenge to his sentence based on *Borden* no later than June 10, 2022, yet he did not do so until August 2022 (even though he was regularly filing documents with the Court throughout 2021 and 2022). The Court concludes that it can deny the Motion, in its entirety, due to its untimeliness.

### B.   PSR Guideline Calculations and Section 3553(a) Considerations

There is no legal authority that supports Defendant's challenge to the guideline range calculation in the PSR.  To the contrary, applicable authority provides that the Court lacks jurisdiction to consider Defendant's challenge to the PSR. *See* F.R.Cr.P. 32. *See also United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir. 1988) ("We hold that Fed.R.Crim.P. 32, standing alone, does not provide the district

court with jurisdiction to hear a motion making a postjudgment collateral attack on one's sentence for a Rule 32 violation.") (citation omitted); *United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) ("Criminal Rule 32 provides no independent foundation for a postsentence motion to correct a PSI report"); *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) ("Rule 32 allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.") (citation omitted); *United States v. Ursillo*, 786 F.2d 66, 69 (2d Cir. 1986) ("We have found no reported case in which a court held that Rule 32 standing alone furnished the jurisdictional basis for a belated post-sentencing attack on the accuracy of a presentence report."); *United States v. Sarden*, No. 2:16-CR-28, 2020 WL 2189802, at *2 (E.D. Tenn. May 5, 2020) (court lacks jurisdiction to amend the PSR "long after his sentence has been imposed"); *United States v. Cross*, No. CR 18-00065 HG, 2019 WL 6357964, at *2 (D. Haw. Nov. 27, 2019) (a district court "lacks the authority to order a post-sentencing modification of the Presentence Investigation Report").

Rule 36 does not aid Defendant's argument, either, as Defendant does not (and he cannot) contend that his sentence is the result of any clerical error(s). *See* Rule 36; *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000); *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)

(citation omitted) ("Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court.").

A consideration of the 18 U.S.C. § 3553(a) factors, as Defendant requests, is not appropriate five years after the Court announced his sentence. Even if such a consideration was appropriate, Defendant has not directed the Court's attention to any changes that would alter the Court's determinations based on the Section 3553(a) factors.

The Court also notes that the sentence imposed was consistent with the relief Defendant seeks in the Motion.  Just as he requests in the Motion, the Court sentenced him outside the guideline range.  In fact, Defendant's sentence is more than 150 months below the low end of the applicable guideline ranges (360 months, plus 84 months) and more than 70 months below the parties' agreed upon cap (360 months).

For these reasons, the Court denies on the merits Defendant's PSR guideline calculation and Section 3553(a) arguments.

## C.   *Borden*

Defendant contends that the *Borden* case helps him and requires that his Section 924(c) conviction be vacated because the use of intimidation to carjack would not qualify as a crime of violence.  *Borden*, however, addressed whether

"recklessness" – not intimidation – was sufficient to support qualify as a crime of violence.

Courts routinely have rejected attempts to apply *Borden* to crimes involving intimidation, as Defendant proposes. *See Vaughan v. United States*, No. 94-CR-511, 2021 WL 4993537, at \*3-4 (D.S.C. Oct. 27, 2021) (rejecting a *Borden* challenge to the use of federal carjacking as a predicate offense for a Section 924(c) charge because carjacking required at least "intimidation" and not recklessness, such that carjacking qualifies as a crime of violence that can be the basis for a Section 924(c) offense); *United States v. Giles*, No. 22 CV 3354, 2022 WL 2791353, at \*2 (N.D. Ill. July 15, 2022) (a federal bank robbery, which can be accomplished through "intimidation" (just like carjacking) "requires more than recklessness and therefore meets *Borden*'s mens rea requirement"); *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017)*; United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 154–55 (4th Cir. 2016) (federal bank robbery based on "intimidation" qualifies as a crime of violence that could support a Section 924(c) conviction); *United States v. King*, No. 16-3329, 2022 WL 1451391, at \*2 (3d Cir. May 9, 2022) (*Borden* does not undermine federal crimes based on intimidation for purposes of Section 924(c), holding that a federal bank robbery crime was a predicate conviction that "constituted a crime of violence" even after the decision in *Borden*).

Based on those court decisions, the Court concludes that *Borden* does not apply to Defendant's carjacking conviction and denies Defendant's *Borden* argument on the merits.

## III.    Conclusion

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Reduction and Sentence Modification [ECF No. 768] is **DENIED**.

IT IS ORDERED.

                                         s/Denise Page Hood
                                         DENISE PAGE HOOD
DATED: December 8, 2022          United States District Judge